JACQUES WOLFE & COMPANY, PROSECUTOR, v. JOHN PIPLIN, RESPONDENT.

Submitted October term, 1935—Decided February 17, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the prosecutor, *Winne & Banta* (*Merritt Lane*, of counsel).

For the respondent, *Aubrey J. Elias.*

PER CURIAM.

The writ brings up for review a judgment of the Passaic County Common Pleas Court affirming a finding and determination in favor of the employe in a compensation case. The petitioner was in the employ of the prosecutor as a laborer and alleges that he suffered accidental injuries on April 19th, 1933, which resulted in a hernia. His petition was filed on September 8th, 1933, and a hearing had on April 4th, and May 14th, 1934. After proofs were taken, the deputy commissioner, on June 29th, 1934, dismissed the petition because, as he said, the petitioner "has not proved conclusively that the descent of the hernia immediately followed the cause," which is a statutory requirement. (Section 2, paragraph 11, Workmen's Compensation act.) *Cum. Supp. Comp. Stat.,* 1911-24, *p.* 3872, § **236-11.

Subsequently, on July 23d, 1934, a new petition was filed for the employe alleging the same accident and, as a conse-

quence, rupture of a small intestine. A hearing was had on this petition and compensation was awarded, which, on appeal, was affirmed.

The prosecutor was allowed a writ of *certiorari* and, in support of its argument for a reversal of the judgment, contends that the first determination of the bureau, which resulted in the dismissal of the petition, constituted a bar to the prosecution of the second petition, *i. e.*, that the matter was *res judicata*. Secondly, that it was error to have reopened the case, assuming the second petition might be considered as an application to reopen the former determination, because there was no suggestion of fraud or newly discovered evidence; and, third, that the proofs did not warrant the finding that the injury complained of was caused by the accident in question.

It is unnecessary for us to determine the first two points because our examination of the testimony convinces us that the proofs offered by the petitioner do not support the finding that the injury was the result of the accident.

Petitioner testified that on the day in question he, with other employes, was engaged in shifting some barrels that weighed perhaps seven hundred pounds and that while in the act of lifting he felt a strain in the stomach; that there was no pain at the time but, later on, while lifting a barrel weighing one hundred pounds, it slipped from his grasp and struck him in the stomach in the right abdominal region, with the result that he had great pain in the groin. Upon examination, he found that he had a "big red mark" on the abdomen. He stopped work and went home. That night he went to the hospital and the following morning was operated on for a rupture in the small intestine. In his further examination, it was developed that he felt this strain or "kink" for the first time when he was lifting the heavy barrel, again when lifting the lighter one, and again at night when he was at his home.

The medical testimony, on behalf of the petitioner, placed the injury as the result either "of a strangulation or a blow" and, in response to the question of counsel for the petitioner

as to whether the rupture was the proximate result of the accident in question, the doctor replied, "I would say that it could have been."

We are mindful of the fact that a great deal of weight must be given to the fact findings of the two tribunals which have already passed upon this matter, but even so we are unable to concur in the conclusion reached. The proofs of the petitioner were meagre and uncertain while those of the prosecutor were definite and persuasive that the rupture in the intestine was not caused by the accident that occurred. The burden of proof is of course upon the petitioner to show that his injury was caused by the accident. The medical testimony offered by him to support his contention did not, in our judgment, support it. It left the matter in the realm of doubt and speculation which is not sufficient to support the inference of liability. The petitioner must do more than show that the injury "could have been" the result of the accident.

The judgment is reversed.