MARY ELIZABETH RIDGEWAY, PETITIONER-RESPONDENT, v. REAL ESTATE OPERATING COMPANY, RESPONDENT-PROSECUTOR.

Submitted January 31, 1937—Decided June 4, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the petitioner-respondent, *Sydney A. Gutkin* and *I. Herbert Levy*.

For the respondent-prosecutor, *Katzenbach, Gildea & Rudner*.

PER CURIAM.

This writ brings up a judgment of the Mercer County Court of Common Pleas, affirming an award of the compensation bureau, on a claim that respondent's husband met his death from asphyxiation by coal gas. At the time of decedent's death, on August 9th, 1935, he was employed as janitor of the apartment house of prosecutor, and his duties required him to take care of and coal a water heater in the cellar of the house. At the hearing, it appeared to have been conceded that the work of decedent included looking after this hot water heater and that he was found in a comatose state, or dead, in a pit in the cellar in which the furnace for heating the building was situated, in which furnace there was no fire at the time. There was a fire in the water heating stove. It appeared that there was present an odor of coal gas, the intensity of which was variously estimated by different witnesses. Decedent was carried from the cellar and efforts were made to resuscitate him, all of which failed. There was no autopsy. It was in evidence that several days after the funeral a request was made of one of decedent's sons for an autopsy, which was then refused.

The single question in this case appears to be as to whether the decedent met his death as the result of an accident. It appears that it was not controverted that, if decedent died

from asphyxiation by coal gas, his death was from accident arising out of and in the course of his employment. It was denied that decedent died from asphyxiation.

What then, is the evidence with respect to this question? The death certificate of a coroner gave coal gas as the cause of death, but, in view of the testimony of the coroner that he inserted the cause of death as the result of a conversation with the acting county physician, who made no investigation and did not see the body of decedent, the certificate is without probative value as to the cause of death.

Petitioner produced an expert, who is a pathologist and toxicologist, who was asked in effect, that given a man in good health, who was found in a pit thirty inches deep, where a coal burning hot water heater was in operation, and where the odor of coal gas was apparent, who was found unconscious, removed from the cellar and subsequently died, what would be his opinion as to the cause of death; to which he replied his "natural assumption would be, if I were confronted with such a set of facts, that this man must have died from a toxic effect of some gas in that cellar, given the data which you have given me. Of course, I would appreciate going much further, but with the data at hand and the circumstances as described, that would be at least the inference one would draw from such a situation."

On behalf of respondent an expert testified that, in view of the symptoms testified to by a number of witnesses for both parties, particularly that the appearance of decedent was natural and normal and that there was no vomiting, it was his opinion that death was not attributable to carbon monoxide poisoning. The testimony was that in cases of coal gas poisoning there is a marked change in the color of the skin. As stated by the witness: "There are two types of appearance that are common—in the one, definite bluing or a definite cyanosis is noted, although more commonly there is a definite pinkish or purplish red series of hemorrhages in the skin distributed generally over the face, the chest, the arms, the legs and occasionally the back. The blood itself is a very characteristic bright red, and this bright red color can be used as a means of identification of death of this type, because

it is striking, it is easily measured and it persists for many days, even weeks after death has occurred."

In view of the explicit and uncontradicted testimony of this witness, and of the witnesses who testified that the symptoms said to be present in coal gas asphyxiation cases were not present in the instant case, we are constrained to conclude that the testimony overthrows any presumption, adduced from the circumstance that there was an odor of coal gas in the cellar when decedent was found, that coal gas asphyxiation was the cause of death.

It is stated that two physicians examined the decedent after he was removed from the cellar, but neither of these was called as a witness in the instant proceeding.

The petitioner did not show by the burden of proof that the death of the decedent was the result of an accident. "The petitioner must do more than show that the injury could have been the result of the accident." *Wolfe & Co.* v. *Piplin,* 14 *N. J. Mis. R.* 146; 183 *Atl. Rep.* 187. In this case, weighing all of the testimony, it preponderates in favor of the conclusion that it was not shown that decedent met his death from coal gas asphyxiation.

The judgment is reversed.